UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal Nos. 18-mj-3016-KAR
15-30008-MGM

UNITED STATES OF AMERICA

v.

JOSE DONES

ORDER

Robertson, U.S.M.J.

Defendant Jose Dones stands charged by complaint with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), the federal Sex Offender Registration and Notification Act ("SORNA" or "the Act")). Mr. Dones' alleged failure to register as a sex offender is further alleged to be a basis for two of five alleged violations of conditions of supervised release imposed by the Honorable Mark G. Mastroianni in Criminal Case No. 15-cr-30008, those being the conditions that Mr. Dones not commit another federal, state, or local crime while on supervised release and that he comply with his obligation to register as a sex offender (Exh. 2 at 3, 4). In the amended petition alleging violations of the conditions of supervised release imposed in Mr. Dones' June 14, 2016 judgment of conviction ("Petition"), the government further alleges that Mr. Dones failed to reside for a period of up to six months in a residential re-entry center, failed to report to his supervising probation officer in the manner and frequency directed by the court or probation officer, and failed to notify his supervising probation officer at least ten days prior to any change in residence.

On March 2, 2018, the court conducted a preliminary and detention hearing in compliance with Fed. R. Crim. P. 5.1, Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3141 *et seq*. For the

1

reasons set forth below, the court finds that the government established probable cause to believe that Mr. Dones failed to register as a sex offender and as to the additional violations of conditions of supervised release alleged in the Petition.

Pursuant to 34 U.S.C. § 20913, the federal statute which governs registry requirements for sex offenders, "[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction [where the offender resides, is an employee, or is a student] and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." For purposes of sex offender registration, "[t]he term 'resides' means, with respect to an individual, the location of the individual's home or other place where the individual habitually lives." 34 U.S.C. § 20911(13). An individual violates the SORNA registration requirements when he or she is required to register, travels in interstate commerce, and subsequently knowingly fails to register or update a registration as required by the Act. *See U.S. v. DiTomasso*, 621 F.3d 17, 19-20 (1st Cir. 2010), *judgment vacated on other grounds* 132 S.Ct. 1533 (2012) (SORNA imposes criminal penalties when a person required to register under SORNA knowingly fails to register after traveling in interstate commerce); *U.S. v. Bruffy*, 466 Fed. Appx. 239, 241 (4th Cir. 2012) (unpublished). The federal requirements for sex offender registration are independent of state sex offender registration requirements. *See U.S. v. Thompson*, 431 Fed. Appx. 2, 3 (1st Cir. 2011) (unpublished).

There is no dispute that Mr. Dones is required to register as a sex offender and there is ample evidence that he was notified of his registration obligations under SORNA, including in the judgment of conviction entered by District Judge Mastroianni in June 2016, which was signed by Mr. Dones in May 2017 (Exh. 2 at 8). Indeed, in the statement Mr. Dones gave when

he was arrested in Schenectady on January 10, 2018, he admitted that he knew he had to keep his registration current if he "move[d] someplace else (Exh. 5). He told the police he was "planning on letting someone know [he] was in town but [he] was waiting to get more established and have [his] own place" (*id.*). The question is whether there is probable cause to find that Mr. Dones traveled from Massachusetts to New York, then failed to update his sex offender registration within three business days of a change in his residence. *See* 34 U.S.C. § 20913(c); *see also Thompson*, 431 Fed. Appx. At 2 (interstate travel and subsequent failure to register comprise elements of the offense). There is sufficient evidence to support such a finding.

Mr. Dones established a relationship with Monique Allen, apparently while he was a resident at the Coolidge House, a residential re-entry center at which he resided for six months following his incarceration. He was staying with his sister and Ms. Allen in Schenectady in an apartment on the third floor of 613 Lansing Street when he was arrested (Exh. 1 at 6, ¶ 18). On December 14, 2017, using the address of 613 Lansing Street, Ms. Allen applied for temporary assistance in Schenectady. Using the same address, she registered at least one of her children in the Schenectady school system effective January 9, 2018 with Mr. Dones as the emergency contact (Exh. 10). Beginning on December 11, 2017, Ms. Allen's EBT card was used predominantly in Schenectady (Exh. 8), and her vehicle was recorded as present in Schenectady on November 16 and 26, December 17, 23, 27, and 30, 2017, and on January 4, 2018 (Exh. 9). Residents of the building at 613 Lansing Street reported that Mr. Dones was living on the third floor of the building for a couple of months prior to his arrest or since Christmas prior to his arrest. Francis Earing, an acquaintance of Mr. Dones and his family, told the police on January 10, 2018 that Mr. Dones had been in Schenectady for over a month staying with Mr. Dones' sister (Exh. 6). On January 10, 2018, Ms. Allen told the police that she and Mr. Dones had been

in Schenectady since Christmas living with Mr. Dones' sister and that she had enrolled her child in school in Schenectady and was in the process of finding her own place (Exh. 7).  This evidence establishes probable cause to believe that Mr. Dones changed the place he habitually lived from Massachusetts to Schenectady by, at the latest, Christmas 2017.  Mr. Dones did not update his sex offender registration in Massachusetts or New York after he left the Coolidge House on November 4, 2017 (Exh. 1 at 8, ¶ 21).

That Mr. Dones may not yet have "had his own place" in Schenectady would not relieve him of his obligation to inform either New York or Massachusetts that he had changed the place he habitually lived.  In *Bruffy*, the United States Court of Appeals for the Fourth Circuit affirmed the conviction of the defendant who left a residence in Florida and usually slept in an apartment in Belle Haven, Virginia between January 13 and February 15, 2009.  Before he left Florida, he had registered his expected residence as transient in Maryland.  *Bruffy*, 466 Fed. Appx. at 240, 244.  The court concluded that after four weeks of living in and around Belle Haven, Virginia, the defendant was habitually living there and was required by SORNA to update his residence information.  In *U.S. v. Van Buren*, 599 F.3d 170 (2d Cir. 2010), the United States Court of Appeals for the Second Circuit affirmed the conviction of the defendant who left his residence in New York on February 20, 2008 and was arrested on March 7, 2008 at his mother's residence in North Carolina.  *Id.* at 171-72.  The court held that when the defendant definitively left his New York residence, he changed his residence and, after traveling to North Carolina, was required to update his sex offender registration.  *See id.* at 175.  That Mr. Dones may have intended to move on from 613 Lansing Street would not relieve him of his obligation to update his sex offender registration within three business days of establishing a habitual residence in Schenectady.  Because there is probable cause to believe that he had done so by the third week of December

2017, and, in any event, no later than Christmas 2017, I find that the government has shown probable cause to believe that Mr. Dones violated SORNA.

I also find that the government has shown probable cause as to the remaining violations alleged in the Petition. District Judge Mastroianni amended Mr. Dones' conditions of supervised release to provide that he was to reside at the Coolidge House beyond November 4, 2017 for an additional 6 months or until he secured a suitable residence (Exh. 14). In discharging Mr. Dones on November 3, 2017, the Coolidge House admittedly committed a major error. Nonetheless, it was an error of which Mr. Dones then took advantage by moving into Ms. Allen's apartment, a residence which the Probation Department would not have approved because he was living with Ms. Allen and her two children (Exh. 7). There is probable cause to believe he failed to comply with the condition that he reside in a residential re-entry center for an additional six months or until he secured a suitable residence. He admitted to the Schenectady police that he knew he was required to report to probation when he was released from the Coolidge House, but he did not do so (Exh. 5). Thus, there is also probable cause to believe that he failed to report to his probation officer as directed and failed to report a change of residence. Because there is probable cause to believe that Mr. Dones violated SORNA, there is also probable cause to believe that he failed to comply with the condition that he not commit another federal, state, or local crime.

For the foregoing reasons, the court finds probable cause to believe that Mr. Dones violated SORNA and finds probable cause as to alleged violations 1-5 in the Petition.

Dated: March 6, 2018

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge